UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. 5:20-cv-01652-MWF-SHK | Date: July 20, 2021 |
| Title: *Mitchell Luedloff v. Comm'r of Soc. Sec. Admin.* | |

Present: The Honorable   Shashi Kewalramani, United States Magistrate Judge

| D. Castellanos | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings (IN CHAMBERS):**   Order To Show Cause

On August 17, 2020, Plaintiff Mitchell Luedloff ("Plaintiff") filed a Complaint ("Complaint" or "Compl.") seeking judicial review of a decision of the Commissioner of Social Security ("Commissioner" or "Defendant").  Electronic Case Filing Number ("ECF No.") 1, Compl.  On August 19, 2020, the Court issued its Case Management Order ("CMO") and, in pertinent part, ordered Defendant to serve a copy of the certified administrative record ("CAR") on Plaintiff within ninety days from service of the Complaint.  See ECF No. 8, CMO at 1.

Plaintiff served the Complaint on Defendant on August 24, 2020.  See ECF No. 9, Proof of Service of Summons and Complaint at 2.  Thus, pursuant to the CMO, service of the CAR was due ninety days later on November 22, 2020.

However, pursuant to the Order of the Chief Judge 20-074 ("Order 20-074") that was issued on April 17, 2020 in response to the COVID-19 pandemic, all deadlines in Social Security cases were stayed until the superseding Order of the Chief Judge 21-037 ("Order 21-037"), issued on April 15, 2021, lifted the stay.  Pursuant to Order 21-037, for actions that were filed:

- "in 2020, any outstanding CARs must be produced within 90 days of the date of th[e] Order[,]" by **July 14, 2021**;
- "in 2021 before the issuance of th[e] Order [on April 15, 2021], any outstanding CARs must be produced within 120 days of the date of th[e] Order[,]" by August 13, 2021; and
- "after the date of th[e] Order [on April 15, 2021] are subject to the procedures in the assigned Judge's [CMO]."

Order 21-037 at 2.

   Thus, because this case was filed in 2020, pursuant to Order 21-037, service of the CAR was due on July 14, 2021.  Defendant, however, has failed to timely file the CAR in this case.  The Court also notes that on February 25, 2021, it ordered Defendant to prove a status report by March 4, 2021 regarding the preparation and service of the CAR on Plaintiff, and Defendant failed to respond to that order or otherwise participate in this litigation.  <u>See</u> ECF No. 10, Order Re: Status of CAR.

   Consequently, Defendant is **ORDERED TO SHOW CAUSE by July 30, 2021** why default should not be entered against Defendant for failure to respond to the Court's February 25, 2021 Order or to file the CAR by July 14, 2021 as required by Order 21-073.  Defendant can satisfy this order by filing the CAR in this case by the deadline stated above.  Defendant is warned that because Defendant has previously failed to respond to Court orders or otherwise participate in this litigation, extensions of time will be granted sparingly and only for very good cause shown.

   **IT IS SO ORDERED.**